I concur in the affirmance of the summary judgment in case number 1911422. I must respectfully dissent from the reversal of the summary judgment in favor of Jenkins on Davis's indemnity claim in case number 1911517.
The pertinent paragraph of the indemnity agreement sued upon reads:
 "I further agree to indemnity and hold harmless William J. Davis from any and all liability he may incur arising out of *Page 308 
the operation of Leighton Avenue Office Plaza Ltd., a limited partnership, after this date."
Davis, in his brief, argues that "[t]he Leighton Avenue property was the only asset of the limited partnership at the time of its dissolution," and that "[i]t would seem to be without question that one of the acts that Jenkins might perform in his operation of the property is to sell it." The word "operation" in the indemnity agreement, in my opinion, is not ambiguous, and I cannot agree with Davis that the parties intended the word to include selling the asset of the limited partnership. Giving that expanded definition to the word "operation" in the indemnity agreement, in my opinion, is not warranted; I think the trial judge correctly entered the summary judgment on Davis's claim. I must dissent on that point.